UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerry L. High, | Civil Action No.: 4:20-cv-03235-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Ray Chandler, Doug Thorton, and Park Small, | |
| Defendants. | |

This matter is before the Court on Plaintiff Jerry Lynn High's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends dismissing this case in its entirety.[1] *See* ECF Nos. 22 & 24.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

In 1989, a federal jury in this District convicted Plaintiff of two federal drug charges, and in 1991, Judge Blatt sentenced him to thirty years' imprisonment. *See United States v. High*, No. 2:89-cr-00025 (D.S.C.), ECF No. 44 at p. 1. Attorney Ray Chandler represented Plaintiff at trial, while Federal Public Defender Parks Small represented him at sentencing and on appeal. *Id.*, ECF No. 29 at p. 11. Plaintiff's direct appeal and collateral attacks were all unsuccessful. He was released from federal prison in July 2017 and is currently serving a ten-year term of supervised release. *Id.*, ECF No. 89 at pp. 1–2; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search "Jerry Lynn High").[2]

In August 2020, Plaintiff the instant action in state court against Chandler and Small, as well as Doug Thornton, a former lawyer.[3] ECF No. 1-1. Plaintiff alleges that Chandler and Thornton conspired to put him in prison for thirty years and that Small failed to disclose the conspiracy to the

---

[2] The Court takes judicial notice of the records from Plaintiff's criminal case, *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (discussing judicial notice), and the website for the Federal Bureau of Prisons, *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (explaining courts "routinely take judicial notice of information contained on state and federal government websites").

[3] *See Matter of Thornton*, 839 S.E.2d 878 (S.C. 2020) (granting K. Douglas Thornton's motion to resign in lieu of discipline). Plaintiff's complaint omits the "n" from Defendant Thornton's last name, but his other filings include it.

court; Plaintiff seeks monetary compensation and invalidation of his convictions. *Id.* at p. 3; ECF No. 10 at pp. 1–3. In September 2020, Defendant Chandler filed an answer, and then Defendant Small removed the action to this Court under 28 U.S.C. § 1442(a)(1) (the federal officer removal statute) and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 1, 1-2, & 7.

The Magistrate Judge recommends granting Defendant Small's motion to dismiss because (1) Plaintiff has no claim against him under 42 U.S.C. § 1983, *Bivens*,[4] or the Federal Tort Claims Act, (2) *Heck*[5] bars any such claims, (3) the statute of limitations bars any damages claim against Small, and (4) Small is not the proper defendant for Plaintiff's challenge to the validity of his conviction. R & R [ECF No. 22] at pp. 5–8. Additionally, the Magistrate Judge recommends dismissing Defendant Chandler based on *Heck* and dismissing Defendant Thornton without prejudice pursuant to Fed. R. Civ. P. 4(m). *Id.* at pp. 7–9. The Magistrate Judge also notes Plaintiff's claims against Defendant Chandler are barred by the statute of limitations.[6] *Id.* at p. 8 n.4.

Plaintiff makes two specific objections to the R & R. *See* ECF No. 24. **First**, Plaintiff argues "equitable tolling would start" when he "was release[d] from N.C. to S.C. the last of 2017."[7] *Id.* To the extent Plaintiff seeks equitable tolling of the statute of limitations, he has not shown reasonable diligence or an extraordinary circumstance. *See Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019)

---

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[6] Defendant Chandler raised a statute of limitations defense in his answer. ECF No. 1-2 at pp. 1–2. *See generally Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 118 (4th Cir. 2021) (recognizing that "[a]s a general matter, the defense of limitations must be raised by an affirmative defense presented in the answer").

[7] As noted in the R & R, Plaintiff did not plead or previously argue equitable tolling. R & R at p. 7 n.3. Nevertheless, the Court will consider his equitable tolling argument here. *See Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017) ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." (italics removed)).

(discussing equitable tolling); *Shuler v. Duke*, 792 F. App'x 697, 703 (11th Cir. 2019) ("[I]mprisonment—by itself—is no 'extraordinary circumstance' warranting automatic equitable tolling: an imprisoned litigant must still show he pursued diligently his rights."); *Rhew v. Beck*, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004) ("Nor are prison conditions . . . normally grounds for equitable tolling."). **Second**, Plaintiff asserts Defendant Small failed to have several audio tapes authenticated. ECF No. 24; *see* R & R at p. 3 (mentioning audio tapes introduced at trial); *see also* ECF No. 27 (addressing audio tape issue). However, as Defendant Small points out in his reply to Plaintiff's objections, the record belies this assertion. ECF No. 26 (citing *United States v. High*, 1992 WL 119869 (4th Cir. 1992)).[8]

Plaintiff does not present any other specific objections to the R & R. *See Diamond & Camby*, *supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) ("[A] party must object to the finding or recommendation on [an] issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). Accordingly, the Court will dismiss Defendants Small and Chandler with prejudice based on application of the statute of limitations, and will dismiss Defendant Thornton without prejudice pursuant to Rule 4(m).[9]

---

[8] Audio tapes of a drug transaction were introduced as evidence at Plaintiff's criminal trial. *High*, 1992 WL 119869, at *1. Plaintiff claimed his trial counsel (attorney Chandler) was ineffective for not having the tapes analyzed for tampering. *Id.* at *1, 3. Judge Blatt relieved trial counsel and "appointed new counsel from the Federal Public Defender's Office" (attorney Small). *Id.* at *1. Plaintiff then moved for a new trial arguing tampering of the audio tapes had occurred. *Id.* Judge Blatt appointed two experts to analyze the tapes, but "[n]either evaluation supported [Plaintiff]'s claim that the tapes had been tampered with" and "[n]o evidence to support [Plaintiff]'s claim of tampering was disclosed." *Id.* at *1, 3.

[9] The Court is mindful that a dismissal based solely on *Heck* would be without prejudice. *See, e.g.*, *Bowman v. Mann*, 683 F. App'x 258, 259 (4th Cir. 2017) (modifying the district court's dismissal based on *Heck* to be without prejudice). However, the Court is dismissing Defendants Small and Chandler *with prejudice* based on application of the statute of limitations. *See, e.g.*, *Buckner v. UPS., Inc.*, 641 F. App'x 262, 263 (4th Cir. 2016) (affirming a dismissal with prejudice based on the statute of limitations). The Court is dismissing Defendant Thornton *without*

4

**Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 22], **GRANTS** Defendant Small's motion to dismiss [ECF No. 7], **DISMISSES** Defendants Small and Chandler *with prejudice*, and **DISMISSES** Defendant Thornton *without prejudice*. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
July 9, 2021  R. Bryan Harwell
  Chief United States District Judge

---

*prejudice* pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice).